UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:12-cr-4-JMH-2

UNITED STATES OF AMERICA,                                              PLAINTIFF,

v.                          **MAGISTRATE JUDGE'S REPORT
                             AND RECOMMENDATION**

JONATHAN C. HUGUELY,                                                   DEFENDANT.

*** *** *** ***

On July 7, 2015, Defendant Jonathan C. Huguely filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [R. 136]. The United States responded on September 9, 2015 [R. 146], and Defendant replied on September 29th. [R. 148]. Consistent with local practice, the matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, the undersigned RECOMMENDS that Defendant's Motion to Vacate, Set Aside, or Correct Sentence [R. 136] be DENIED.

I.  BACKGROUND

At his rearraignment on September 24, 2012, Defendant pled guilty to conspiring to distribute over 28 grams of cocaine in violation of 21 U.S.C. § 846 and to possessing cocaine with an intent to distribute it in violation of 21 U.S.C. § 841(a)(1).  [R. 56].  Because he had a prior drug felony conviction, Defendant faced a statutory mandatory minimum sentence of ten years imprisonment for pleading guilty to the cocaine conspiracy. [R. 58].

In addition to Defendant's written plea agreement, he also signed a supplemental plea agreement that stated that if he would "provide[] substantial assistance in the investigation or

prosecution of other persons," [R. 59], the United States would file a downward departure motion "unless the Defendant commits another crime, obstructs justice, or violates a court order." [R. 59 at 1]. The United States never filed a motion for downward departure because, as he awaited sentencing, Defendant committed the Kentucky offense of driving under the influence of alcohol. [See R. 146 at 3]. Defendant was ultimately sentenced to the mandatory minimum of 120 months imprisonment. [R. 93].

On direct appeal of his conviction and sentence, Defendant argued that imposing the mandatory minimum sentence violated principles of due process and equal protection and (2) that the mandatory minimum sentence conflicts with the "parsimony provision" of 18 U.S.C. § 3553(a), (3) that the mandatory minimum sentence violates separation of powers principles, and (4) that the government breached the plea agreement by refusing to move for a downward departure based on substantial assistance. [Rs. 127, 136 at 2]. The Sixth Circuit found these arguments to be meritless. [Id. at 2]. For example – and most pertinent here – the Sixth Circuit found that Defendant's claim that the government breached the plea agreement clearly fails under the terms of the agreement: the government agreed to move for a downward departure "unless [Defendant] committed another crime, obstructed justice, or violated a court order[,]" and, unfortunately, Defendant did not warrant such a motion because he "admitted that he committed two misdemeanor offenses." [Id. at 2]. Now, Defendant claims as a basis for relief his counsel's ineffective assistance and that his plea agreement was not entered into knowingly and voluntarily.

## II.  STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the

right to seek post-conviction relief are statutory rights . . . .").  For a federal prisoner to prevail on a 28 U.S.C. § 2255 claim, he must show that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255(b).

If the movant alleges a constitutional error, he must establish by a preponderance of the evidence, Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006), that the error "had a substantial and injurious effect or influence on the proceedings." Watson, 165 F.3d at 488 (citing Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)).  If the movant alleges a non-constitutional error, he "must establish a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Id. (internal quotation marks omitted).

This being a *pro se* petition, the undersigned is mindful that it is held to a less stringent standard than those drafted by legal counsel and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

### III.  ANALYSIS

Defendant argues two grounds for relief in his motion to vacate: (1) that his plea was not made knowingly and voluntarily due to his being "assured" by his defense counsel that he would receive a sentence reduction, and (2) that his defense counsel was ineffective because he "misstated the sentence [Defendant] was facing and the nature of the promises in the plea agreement," such as, *inter alia*, that the plea agreement guaranteed he would receive a substantial assistance reduction. [R. 136]. In the present case, because Defendant's arguments in his § 2255

motion allege violations of his Sixth Amendment rights under the theory of ineffective assistance of counsel, a review of that law is also in order.

To prevail on an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, in order to prove deficient performance, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In applying this test, reviewing courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance . . . ." Id. Second, a defendant must establish prejudice by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694-95. Significantly, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance-prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) (quoting Strickland, 466 U.S. at 697). With these standards in mind, the undersigned will now address Defendant's claims.

First, Defendant claims that his guilty plea was not made knowingly or voluntarily because his counsel "assured [him] that [he] would receive [a] sentence reduction." [R. 136 at 4]. Although he says he did not intend to accept the plea agreement initially, his counsel's assurances that the Plaintiff would make recommendations that would set his sentence "significantly below the mandatory minimum" caused him to plead guilty. [Id. at 4-5]. He acknowledges that this argument is at least "related" to his ineffective assistance argument, which is addressed below. [Id. at 4].

Plaintiff counters that Defendant's argument about not making a knowing or voluntary plea agreement fails because Defendant's plea colloquy refutes these assertions. [R. 146 at 7]. Because "a proper plea colloquy cures any misunderstanding a defendant may have regarding a plea agreement," United States v. Browne, No. 08-07-DLB-1, 2012 WL 602754, *4 (E.D. Ky. Feb. 2, 2012), *adopted in full*, 2012 WL 602781 (E.D. Ky. Feb. 23, 2012), Defendant cannot now claim that he misunderstood the plain terms of his plea agreement. [R. 146 at 7].

Indeed, it is well-settled in the Sixth Circuit that a proper plea colloquy under Federal Rule of Criminal Procedure 11 cures a defendant's claimed misunderstanding. See Browne, 2012 WL 602754, at *4 (citing, e.g., Ramos v. Rogers, 170 F.3d 560, 565 (6th Cir. 1999)). Rule 11 requires, among other things, that a district court must inform a defendant of any mandatory minimum penalty or any maximum possible penalty, including imprisonment, fine, and term of supervised release. Fed. R. Crim. P. 11(b)(1). Where the Court scrupulously follows the required procedure, a defendant "is bound by his statements in response to [the Court's] inquiry." Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986).

Here, during his rearraignment proceeding, the Court conducted a full and proper Rule 11 colloquy, and Defendant's responses in the colloquy contradict his present allegations. The record shows that the Court questioned Defendant to determine his competency and found him capable of making a knowing and voluntary plea. [R. 142 at 18]. The Court also asked if it was correct that no one had made any promises to Defendant other than what was set out in the plea agreement and supplement, to which Defendant responded "Yes, sir." [R. 142 at 5]. The Court then asked him specific questions, such as whether Defendant had reviewed the indictment with his attorney and whether Defendant understood all of the terms in the plea agreement and the sealed supplement. [R. 142 at 4-5]. These, too, were responded to in the affirmative. [Id.]. The

Court discussed the terms of the plea agreement at length with Defendant, and, by the Court's count, the fact that he was subject to a mandatory minimum sentence of ten years imprisonment was mentioned *three times*. [R. 142 at 6, 9, 18]. This includes the Court explicitly asking Defendant if he understood the minimum penalty, and Defendant responded "Yes, sir." [R. 142 at 9].

Given these exchanges during the rearraignment colloquy, Defendant cannot now claim that he misunderstood the nature of the terms of his plea agreement, or, more specifically, that his counsel promised him that he would not receive the mandatory minimum sentence. Accord Browne, 2012 WL 602754, at *4. When asked if it was correct that no one had made promises to him other than what was written in the plea agreement and supplement, Defendant responded "Yes, sir." [R. 142 at 5]. As Plaintiff notes, "if [Defendant] had indeed been promised a specific sentence . . ." then "it was incumbent upon him to reveal that term when the Court asked him[.]" [R. 146 at 9]; Browne, 2012 WL 602754, at *4 (citing Baker, 781 F.2d at 89). Moreover, upon review of the entire transcript of that colloquy, never did Defendant seem confused or appear to misunderstand what the Court was explaining to him or asking him. [See generally R. 142]. Because a proper plea colloquy cures a defendant's claimed misunderstanding, Browne, 2012 WL 602754, at *4, the Defendant "is bound by his statements in response to [the Court's] inquiry." Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986). What is more, Defendant has not alleged any "extraordinary circumstances" that would excuse his failure to provide truthful answers during the rearraignment proceeding. Baker, 781 F.2d at 90 (noting that "where Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms . . . a defendant's plea agreement consists of the terms

-6-

revealed in open court . . . .”). The record therefore clearly refutes Defendant's claim that his plea was not made knowingly or voluntary.

Second, and similar to the first claim, Defendant argues that his counsel was ineffective because, according to Defendant, his counsel misstated the sentence that Defendant faced and the nature of certain promises in the plea agreement. [R. 136 at 6]. Specifically, Defendant alleges that his counsel "led [him] to believe that the mandatory minimum sentence . . . was five years," and that his counsel also led him to believe that the plea agreement required (and removed any discretion by) the Plaintiff to file a motion for sentence reduction for his substantial assistance. [Id. at 7]. Defendant also claims he only learned after his guilty plea that the Plaintiff had filed a notice under 21 U.S.C. § 851. [Id. at 6].

These claims, too, are completely unsubstantiated given the record and detailed Rule 11 colloquy undertaken by the Court. First, as already explained above, even assuming his counsel had persuaded him otherwise, it was incumbent upon Defendant to reveal to the Court when questioned if his counsel had made promises to him about a particular sentence. Browne, 2012 WL 602754, at *4 (citing Baker, 781 F.2d at 89). Second, the Court during the colloquy made it clear that the penalty Defendant faced was for "not less than ten years nor more than life in prison," to which Defendant responded that he understood. [R. 142 at 9]. Additionally, Defendant's prior convictions and the fact that a § 851 notice had been filed was mentioned at the hearing. [Id. at 7].

As for the claim that the plea agreement unreservedly required Plaintiff to move for a sentence reduction, the Court notes initially that the Sixth Circuit has already found on direct review that the Plaintiff did not breach this aspect of the plea agreement after Defendant got a DUI. [R. 127 at 2]. The Sixth Circuit noted that:

> [Defendant]'s claim that the government breached the plea agreement fails. Under the terms of the agreement, the government would move for a downward departure from the mandatory minimum sentence if [Defendant] provided substantial assistance, *unless he committed another crime, obstructed justice, or violated a court order.* The government retained discretion to determine whether [Defendant] provided substantial assistance and otherwise qualified for the motion. Because [Defendant] admitted that he committed two misdemeanor offenses, the government was not obligated to move for a downward departure, and [Defendant] has not alleged that the government's decision to withhold the motion was based on unconstitutional motives, see United States v. Lukse, 286 F.3d 906, 911 (6th Cir. 2002).

[R. 127 at 2] (emphasis added). Defendant, however, now attempts to argue that the plea agreement's breach was due to his counsel's ineffective assistance. But where reviewing courts have found no breach of the plea agreement, defense counsel cannot be ineffective for alleged actions that led to the breach. This is because of the well-settled understanding that defense counsel cannot act deficiently by failing to raise wholly meritless claims. See, e.g., United States v. Martin, 45 F. App'x 378, 381 (6th Cir. 2002). Because the Sixth Circuit already determined that Plaintiff did not breach the plea agreement (indeed, Plaintiff abided by the plain terms of the agreement), Defendant's counsel could not possibly have provided ineffective assistance regarding a breach.

Therefore, given the proper Rule 11 colloquy that transpired, and given that no plea agreement breach occurred, the Defendant has not proved that his counsel's performance was deficient or fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 688 (1984). Defendant's failure to satisfy the first prong of the Strickland test relieves the Court from considering the other prong. Campbell v. United States, 364 F.3d 727,

730 (6th Cir. 2004) (quoting <u>Strickland</u>, 466 U.S. at 697).[1] Thus, the undersigned cannot find that Defendant's counsel provided him with constitutionally deficient assistance.

Accordingly, the undersigned finds that both of Defendant's claims are meritless.

IV.   CONCLUSION

For the above reasons, it is RECOMMENDED that Defendant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [R. 136], be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed August 3, 2016.



Signed By:
<u>Edward B. Atkins</u>
United States Magistrate Judge

---

[1] Adding to the discussion of whether Defendant satisfied the two-prong burden in <u>Strickland</u>, the Plaintiff points out that Defendant does not maintain his innocence. [R. 146 at 5]. Instead, he claims that, if his counsel were not deficient, he would not have pled guilty. This further demonstrates Defendant's failure to prove that his counsel's actions likely prejudiced him. <u>Strickland</u>, 466 U.S. at 694-95.