```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                  CENTRAL DIVISION AT LEXINGTON
```

UNITED STATES OF AMERICA,        )
                                 )
    Plaintiff,                   )    Civil Action No.
                                 )    5:12-cr-00004-JMH-EBA-2
v.                               )
                                 )
JONATHAN HUGUELY,                )    **MEMORANDUM OPINION & ORDER**
                                 )
    Defendant.                   )

                    **   **   **   **   **

Defendant Jonathan C. Huguely has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 136]. He argues that his sentence should be vacated because his plea was not made knowingly and voluntarily due to assurances he received from his counsel that he would receive a sentence reduction and because his defense counsel was ineffective because he "misstated the sentence [Defendant] was facing and the nature of the promises in the plea agreement," including a guarantee that he would receive a reduction for substantial assistance.

On August 3, 2016, Magistrate Judge Edward B. Atkins entered an Order in which he concluded that there is no merit to Huguely's Petition because, in light of the Rule 11 colloquy which transpired in this case and the absence of any cognizable breach of the plea agreement between the United States and this defendant, he cannot

satisfy the first prong of the *Strickland* test, *Strickland v. Washington,* 466 U.S. 668, 688 (1984), and no relief is appropriate because the Court cannot conclude that Defendant's counsel provided him with constitutionally deficient assistance. *See Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (holding that failure to satisfy the first prong of *Strickland* relieves the Court from considering the other prong).

No objections to the Recommended Disposition have been filed within the fourteen day period provided for in 28 U.S.C. § 636(b)(1). Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Further, the Court concludes that the recommended disposition is well supported by the law cited by the magistrate judge and the facts averred in the Petition. Consequently and in the absence of any objections from Defendant Huguely, this Court adopts the well-articulated and detailed reasoning set forth in the Opinion as its own.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [DE 154] is **ACCEPTED** and **ADOPTED** as the Court's decision;

(2) that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 136] is **DENIED**.

This is the 14th day of February, 2017.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge